JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY PACIFIC SEACREST, INC., a Philippine Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CONCENTRATED FOODLINE CORPORATION, a California Corporation; ANGELITO ROBLES, an Individual,<br><br>Defendants. | Case No.: 2:18-cv-04082-R-AGR<br><br>**DEFAULT JUDGMENT, INCLUDING PERMANENT INJUNCTION, AGAINST DEFENDANTS CONCENTRATED FOODLINE CORPORATION AND ANGELITO ROBLES** |

**DEFAULT JUDGMENT INCLUDING PERMANENT INJUNCTION**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff Century Pacific Seacrest, Inc. ("Plaintiff") is hereby awarded final judgment on the claims for relief set forth in Plaintiff's First Amended Complaint against Defendants Concentrated Foodline Corporation and Angelito Robles (collectively "Defendants"), jointly and severally, as the prevailing party in this action under Rule 55(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and Local Rule ("L.R.") 55-1 as follows:

1. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is hereby awarded statutory damages on its claims for relief against Defendants, jointly and severally, in the amount of $805,000 in light of Defendants' willful infringement of Plaintiff's trademark rights and willful use of a counterfeit mark;

2. Pursuant to 15 U.S.C. § 1117(a) and the Schedule of Attorneys' Fees set forth in Local Rule 55-3, Plaintiff is awarded attorneys' fees in the amount $5,600 plus 2% of the amount over $100,000, for a total award of attorneys' fees in the amount of $19,700;

3. Furthermore, Defendants are permanently enjoined and restrained pursuant to 15 U.S.C. § 1116(a) from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and Canada:

(1) copying, manufacturing importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses or otherwise

making any use of Plaintiff's KAMAYAN trademark, and/or any intellectual property that is confusingly similar to, or that constitutes a colorable imitation of Plaintiff's KAMAYAN trademark, whether such use is as, on, or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, or any product or service, or otherwise; and

  (2) engaging in any acts of federal and/or state trademark infringement, false advertising, unfair competition, or other act which would tend to damage or injure Plaintiff.

  IT IS SO ORDERED, ADJUDICATED, and DECREED.

Dated: November 22, 2019

_____
HONORABLE R. GARY KLAUSNER